IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TANYA JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 107-034 |
| ) | |
| J C PENNEY, Augusta Mall, Retail Store/ ) | |
| Salon; LINDA VERNELLO, General ) | |
| Manager; and SUE BURGESS, Loss ) | |
| Prevention Supervisor, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed.[1] The majority of Plaintiff's objections are without merit; however, Plaintiff's objections regarding the dismissal of her retaliation claim does merit further comment. (Doc. nos. 20, 21).

The Magistrate Judge recommended dismissing Plaintiff's employment discrimination complaint for failure to state a claim upon which relief can be granted. The Magistrate Judge noted in the R&R that Plaintiff is not required to plead her causes of

---

[1]Plaintiff has filed two objections to the Magistrate Judge's R&R entitled, "Motion for Reconsideration Claim and Objection to Separation of Claim" and "Motion to Reconsider Interpretation." (Doc. nos. 20, 21). For the reasons set forth *infra*, these motions are **GRANTED IN PART**.

actions with specificity; nonetheless, Plaintiff must provide enough information to give Defendants fair notice of the basis of her asserted claims. The Magistrate Judge concluded that Plaintiff had not provided sufficient information in her second amended complaint to support any of her asserted employment discrimination claims.

Indeed, a review of Plaintiff's second amended complaint reveals that Plaintiff's statement of claim was vague and did not provide enough information to give Defendants fair notice of the basis of her asserted claims. However, in her first objection to the R&R entitled, "Motion to Reconsider Claim and Objection to Separation of Claim," Plaintiff provided additional facts and more clearly sets forth the chronology of events, as well as the events themselves.[2] (Doc. no. 20). For example, it appears from Plaintiff's objections to the R&R that she has in fact filed two complaints with the Equal Employment Opportunity Commission ("EEOC") and has also been accused of theft by Defendants on two separate occasions. (Doc. nos. 20, 21).

Plaintiff now explains that she was hired as a cosmetologist at J C Penney in December of 2005. (Doc. no. 21, p. 2). Plaintiff claims that during the first year of her employment she did not receive any corrective actions. (Id.). However, Plaintiff notes that in April of 2006, approximately four months after her employment began, she was accused for the first time of theft. (Id.). On June 14, 2006, Plaintiff filed her first EEOC complaint. (Id.). Next, on August 5, 2006 Plaintiff was again accused of theft. (Id. at 3). On August 10, 2006 Plaintiff filed her second complaint with the EEOC. (Id.). Plaintiff asserts that on

---

[2]For example, Plaintiff did not indicate in her amended complaint, among other things, when she began working at J C Penney, what position she held, or that she was terminated because she filed the EEOC complaints. (Doc. no. 16, p. 8).

2

December 27, 2006 her employment at J C Penney was terminated. (Id. at 2). Thus, Plaintiff's objections provide certain pertinent information that was omitted in her second amended complaint.

Upon review of Plaintiff's meritorious objection to the R&R, it appears that Plaintiff is now attempting to assert that her employment was terminated on December 27, 2006 by "Defendants (J C Penney) Management" in retaliation for her filing a complaint with the EEOC.[3] When asserting a claim for retaliation, a plaintiff must show: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000). As such, liberally construing Plaintiff's second amended complaint in conjunction with the objections, the Court finds that she has arguably stated a viable retaliation claim.[4]

Accordingly, the Report and Recommendation of the Magistrate Judge, as modified herein, is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's claims for racial and religious discrimination and hostile work environment, as well as her state law claims,[5] are

---

[3]The Court is aware that, as in her second amended complaint, Plaintiff in her objection also states that she was terminated because of her refusal to obey an order from her manager. (Doc. no. 21, ¶ 11). However, liberally construing Plaintiff's second amended complaint as the Court is required to do with a *pro se* plaintiff, the Court presumes Plaintiff's retaliation claim is predicated on the filing of her EEOC complaints.

[4]Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*).

[5]The R&R recommended dismissal of Plaintiff's state claims because she had failed to state any viable federal claims against Defendants. However, as Plaintiff's retaliation claim is now going forward the analysis in the R&R is inapplicable. Nevertheless, a review of Plaintiff's submissions, including her second amended complaint and two objections, concerning her state claims, reveals that Plaintiff merely

3

**DISMISSED** for failure to state a claim upon which relief may be granted. Plaintiff may go forward with her retaliation claim.

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendants J C Penney, Linda Vernello, and Sue Burgess. The United States Marshal shall mail a copy of the second amended complaint[6] and this Order by first-class mail and request that the defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any defendants who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer

---

interjected the name of specific torts within her federal claims without providing any details. Simply inserting buzz words such as "false imprisonment, defamation, and false light" within her statement of federal claims is insufficient to state a claim. As Plaintiff was previously instructed:

> [T]he body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in her amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every party that participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

(Doc. nos. 10, 14). Plaintiff failed to do so.

[6]The Court is aware that the preferred method for amending a complaint is to include all allegations in one document, Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999), however, in light of this case's procedural history, the Court will construe Plaintiff's amended complaint (doc. no. 15), the two objections (doc. nos. 20, 21), and the "right to sue" letter from the Equal Employment Opportunity Commission (doc. no. 1, p. 15) as Plaintiff's "second amended complaint."

the complaint until sixty (60) days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, Fed. R. Civ. P. 4(m), and if a defendant is not timely served, he may be dismissed. Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendants to effect service.

**IT IS ORDERED THAT** Plaintiff shall serve upon the defendants, or upon their attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to each defendant or defendants' counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit her deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure that Plaintiff's deposition and

any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.[7]

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from any defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the first answer of the defendants named in the second amended complaint.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, she should first contact the attorney for the defendants and try to work out the

---

[7]The Local Rules may be found on the Court's website at www.gasd.uscourts.gov/.

problem; if Plaintiff proceeds with the motion to compel, she should also file a statement certifying that she has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve her response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the motion.

A response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in the defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that she will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if she desires to contest the defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the

consequences are these: any factual assertions made in the defendants' affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this  22nd  day of September, 2008.

_____
HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE