# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

| | | |
|---|---|---|
| TANYA JENKINS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| J.C. PENNY, INC., LINDA VERNELLO, and SUE BURGESS, | : | |
| Defendants. | : | No. CV107-034 |
| | : | |

### ORDER

Plaintiff Tanya Jenkins filed the above-captioned case against Defendants, J.C. Penny, Inc., Linda Vernello, and Sue Burgess, asserting claims for racial and religious discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, as well as several state law claims. After Plaintiff filed her amended complaint on December 3, 2007, Magistrate Judge W. Leon Barfield issued his Report and Recommendation in which he recommended the dismissal of Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure. Doc. No. 16.

After the Magistrate Judge issued his Report and Recommendation, Plaintiff filed two motions for reconsideration. Doc. Nos. 20 & 21. On September 22, 2008, this Court granted in part and denied in part Plaintiff's motions for reconsideration. Doc. No. 23. Specifically, this Court adopted the Magistrate Judge's Report and Recommendation insofar as it recommended dismissal of Plaintiff's claims for racial and religious discrimination, hostile work environment, and state law claims. However, Plaintiff was permitted to go forward to the discovery phase with her Title VII retaliation claim.

Currently before the Court is Defendants' motion for summary judgment on Plaintiff's remaining claim for Title VII retaliation. For the reasons set forth below, Defendants' motion will be **GRANTED**.

**BACKGROUND**

The following facts are viewed, as they must be in this stage of the litigation, in a light most favorable to the non-movant. Plaintiff was employed as a hair designer at the Augusta Mall JCPenny store from late 2005 until December

-2-

2006. In that capacity, Plaintiff reported to salon manager Linda Griffin, who in turn reported to the store manager Defendant Linda Vernello. Defendant Sue Burgess was the loss prevention manager at the JCPenny store during the time Plaintiff was employed there.

During her employment with JCPenny, Plaintiff filed two charges with the EEOC. The first of these charges was filed on June 14, 2006, two months after she was accused of theft for the first time. Plaintiff was again accused of theft on August 5, 2006, and on August 10, 2006, Plaintiff filed her second charge with the EEOC.[1] Plaintiff was terminated on December 27, 2006. In response to Plaintiff's second charge, the EEOC issued a right to sue notice on January 24, 2007, in which it indicated that, based on its investigation, it was unable to conclude that the information obtained established a statutory violation.

According to Defendants, Plaintiff was terminated due to insubordination. Specifically, Defendants contend that Plaintiff was terminated because, in violation of JCPenny's internal policies, she refused to meet with her supervisors

---

[1] The Court notes that Ms. Jenkins was never found to have committed any theft at JCPenny.

to discuss a work-related incident. Plaintiff contends, however, that she was terminated in retaliation for filing her second charge with the EEOC.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court must view the facts in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), and must draw "all justifiable inferences in his favor . . .", United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991)(en banc)(internal quotation marks omitted).

**DISCUSSION**

Plaintiff contends that Defendants violated Title VII by terminating her employment in retaliation for filing her second charge with the EEOC. Defendants assert that they are entitled to summary judgment because (1) Plaintiff cannot establish a prima facie case of retaliation, and (2) even if she could establish a prima facie case, there is no evidence that the legitimate, non-retaliatory reasons offered by Defendants for Plaintiff's termination are pretextual.

The so-called "participation clause" of Title VII's anti-retaliation section provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has made a charge, testified, or assisted or participated in any manner in an investigation, proceeding, or a hearing under this [Title].

42 U.S.C. § 2000e-3(a). The framework under which a Title VII retaliation claim is analyzed for purposes of a motion for summary judgment is similar to the framework applied to disparate treatment claims. The Eleventh Circuit has held:

> To establish a prima facie case of retaliation, the plaintiff must show (1) that she engaged in statutory protected expression; (2) that the suffered an adverse employment action; and (3) that

-5-

> there is some causal relation between the two events . . . Once the prima facie case is established, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action. As with a Title VII discrimination claim, the employer's burden is 'exceedingly light.' The plaintiff must then demonstrate that the employer's proffered explanations are a pretext for retaliation.

Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994) (internal quotations and citations omitted).

Plaintiff has easily satisfied the first two prima facie elements of a Title VII retaliation claim. Plaintiff has presented evidence to show that she was engaged in statutorily protected expression (i.e., filing her EEOC charge), and that she suffered adverse employment actions (i.e., termination). Defendants assert, however, that Plaintiff has not met the causation element. As to the causation element, the Eleventh Circuit has held that a plaintiff need only prove that the protected activity and negative employment action "are not completely unrelated." Meeks, 15 F.3d at 1021. The Eleventh Circuit has held that "[a] causal connection can be established by the close temporal proximity between the protected activity and the adverse action," but that in order for this to be sufficient, "the temporal proximity must be very close."

Curtis v. Broward County, 292 Fed. Appx. 882, 885 (11th Cir. 2008) (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)). The court in Curtis held that "a three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." Id. (citing Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007)).

In this case, over four months elapsed between the time Plaintiff filed her second EEOC charge and her termination. Because of this lengthy gap, Plaintiff needs to show something more than temporal proximity to establish the causation element of her prima facie case. Curtis, 292 Fed. Appx. at 885. However, as Defendants note, Plaintiff has not presented any evidence whatsoever that might show a causal connection between her protected activity and the adverse employment action.[2] Therefore, Plaintiff has failed to establish her prima facie case.

---

[2] The Court is mindful that pleadings drafted by pro se litigants must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21. However, even liberally construing Plaintiff's pleadings, the Court cannot find any evidence of causation other than the more than four month temporal gap.

Further, even if Plaintiff were able to satisfy the causation element and, therefore, establish a prima facie case, she has presented no evidence that the legitimate, non-retaliatory reasons offered by Defendants for her termination are pretextual. Had Plaintiff been able to establish a prima facie case, the burden would have shifted to Defendants to provide legitimate, non-retaliatory reasons for Plaintiff's termination. Defendants easily satisfy this "exceedingly light" burden by presenting evidence of Plaintiff's insubordination and refusal to meet with her supervisors to discuss a work-related incident, in violation of JCPenny's internal policies. At that point, the burden shifts back to Plaintiff to demonstrate that Defendants' explanations were a pretext for retaliation. Plaintiff has failed to present any evidence of pretext and, therefore, even if she had been able to establish a prima facie case, summary judgment would still be appropriate.

## CONCLUSION

Because Plaintiff has failed to establish a prima facie case of retaliation under Title VII, Defendants' motion for summary judgment is **GRANTED**. Doc. No. 40. Because this was

-8-

the sole remaining claim against Defendants in this case, this case is **CLOSED**.

**SO ORDERED** this  17th  day of August, 2009.

_____
Judge, United States District Court
Southern District of Georgia